[846 NYS2d 634]

In the Matter of MICHAEL PAUL HENRY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 4, 2007

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was charged with violations of the Massachusetts Rules of Professional Conduct, as set forth in Massachusetts Rules of the Supreme Judicial Court rule 3:07, arising from his commingling of personal and trust funds, and his intentional misuse of trust funds, with resulting deprivation to a client.

The respondent, his counsel, and assistant bar counsel of the Board of Bar Overseers of the Supreme Judicial Court of the Commonwealth of Massachusetts, executed a stipulation agreeing that the matter should be resolved without a hearing and jointly recommending that a sanction of indefinite suspension be imposed. In that stipulation, the respondent admitted the truth of the allegations of the petition for discipline and stipulated that those allegations are established as facts. He admitted that he violated the disciplinary rules as alleged in the petition, and all parties waived an evidentiary hearing at which aggravating and mitigating factors could be raised.

In an order of the Supreme Judicial Court for Suffolk County of the Commonwealth of Massachusetts, entered November 2, 2005, the respondent was suspended from the practice of law in Massachusetts for an indefinite period.

The respondent admittedly used escrow funds for personal or business purposes unrelated to the real estate transactions for which the escrow funds were required to be held. On December 2, 2004, the respondent's law office operating account was overdrawn, notwithstanding that he had improperly deposited the sum of $9,000 of a client's money into that account, as opposed to an escrow account, and should have been preserving the sum of $8,000 of that total for his client. In addition to his intentional misuse of trust funds, the respondent was admittedly guilty of commingling personal and trust funds.

Although personally served by the Grievance Committee for the Tenth Judicial District with a notice pursuant to 22 NYCRR 691.3, the respondent has neither asserted any of the enumerated defenses nor requested a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

In view of the respondent's unequivocal admissions, he is disbarred in New York based upon his agreed-upon suspension for an indefinite period in Massachusetts.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and FISHER, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Michael Paul Henry, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Paul Henry is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael Paul Henry, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).