[26 NYS3d 868]

In the Matter of JAY M. LIPIS (Admitted as JAY MERRILL LIPIS), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 23, 2016

---

### APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Michele Filosa* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Judicial Court for Suffolk County of the Commonwealth of Massachusetts, entered April 7, 2015 (32 Mass Atty Discipline Rep—[No. BD-2015-028]), the respondent received an indefinite suspension from the practice of law for, inter alia, his conduct in engaging in the practice of law while on suspension.

The respondent, while suspended from the practice of law in Massachusetts, worked for his former personal injury law firm as an unpaid "settlement consultant" reviewing files, valuing cases, determining demand amounts, negotiating settlements with insurance adjusters, and communicating with clients about settlement offers, without adequate supervision. Moreover, in conversations with insurance adjusters, the respondent at times falsely identified himself in order to conceal his identity as a suspended attorney, and at other times falsely identified himself as an attorney or failed to correct any misunderstanding that he was an attorney at the law firm.

By virtue of the foregoing, the respondent was charged with violating rule 4:01, §§ 17 (7) and 18 (3) of the Massachusetts Rules of the Supreme Judicial Court and rules 3.4 (c), 5.5 (a) and 8.4 (c) of the Massachusetts Rules of Professional Conduct.

The respondent, his counsel, and Assistant Bar Counsel of the Board of Bar Overseers of the Supreme Judicial Court of the Commonwealth of Massachusetts, executed a stipulation agreeing that the matter should be resolved without a hearing

and jointly recommending that a sanction of indefinite suspension be imposed, resulting in the order indefinitely suspending the respondent from the practice of law in Massachusetts.

Although personally served by the Grievance Committee for the Tenth Judicial District with a notice pursuant to 22 NYCRR 691.3, the respondent has neither asserted any of the enumerated defenses nor requested a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

Based on the foregoing, the Grievance Committee's application to impose reciprocal discipline is granted, and the respondent is disbarred in New York based upon his agreed-upon suspension for an indefinite period in Massachusetts (see Matter of Henry, 47 AD3d 222 [2007]).

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Jay M. Lipis, admitted as Jay Merrill Lipis, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jay M. Lipis, admitted as Jay Merrill Lipis, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jay M. Lipis, admitted as Jay Merrill Lipis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).